IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LA SONJI DAVIS, individually and on behalf of other individuals similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation (formerly known as TIME WARNER CABLE); and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No. 1:18-cv-5730<br><br>**COMPLAINT**<br>**FLSA COLLECTIVE ACTION AND**<br>**RULE 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

All allegations in this Class and Collective Action Petition ("Petition") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Plaintiff LA SONJI DAVIS' information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this Petition either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff LA SONJI DAVIS ("Plaintiff" or "DAVIS"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.  The FLSA Claim Class Period runs from the date three years prior to the date of filing of the initiating complaint in this action through and until the date judgment is rendered herein.

2.  Plaintiff and the members of the putative class seek relief and damages for Defendants' violation, by way of the above-described conduct, of the Fair Labors Standards Act. Plaintiff and this proposed class alleges that Defendants' payroll practices with respect to its non-exempt employees in Texas and the United States, caused it to inaccurately calculate the rates used for overtime and straight time.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this class action under 28 U.S.C.

§§1331 and 1367(a). Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA"), which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution. Venue is proper in this Court because Defendant TIME WARNER CABLE was headquartered in New York City, New York and did business in this district. Defendant, CHARTER COMMUNICATIONS, INC., also does business in this District.

### THE PARTIES

4. Plaintiff is over the age of eighteen and a resident of Mesquite, Texas.

5. Based upon information and belief, Defendant CHARTER COMMUNICATIONS, INC., a Delaware Corporation (formerly known as TIME WARNER CABLE) is headquartered in Samford, Connecticut and does business in New York and throughout the United States.

6. Based upon information and belief, Time Warner Cable was an American cable television company. Prior to its purchase by Defendant Charter Communications in 2016, it was ranked the second largest cable company in the United States. Its corporate headquarters were located in the Time Warner Center in Midtown Manhattan, New York City, with other corporate offices in Stamford, Connecticut; Charlotte, North Carolina; and Herndon, Virginia.

7. Based upon information and belief, Charter Communications is an American telecommunications company, which offers its services to consumers and businesses under the branding of Spectrum. Providing services to over 26 million customers in 41 states, it is the second-largest cable operator in the United States by subscribers, just behind Comcast, and third largest pay TV operator behind Comcast and AT&T U-verse/DirecTV. It is headquartered in Samford, Connecticut.

8. According to https://newsroom.charter.com/company-profile/, "Charter Communications (NASDAQ: CHTR) is America's fastest growing TV, internet and voice company. We're committed to integrating the highest quality service with superior entertainment and communications products. Charter is at the intersection of technology and entertainment, facilitating essential communications that connect more than 26 million residential and business customers in 41 states. Our commitment to serving customers and exceeding their expectations is the bedrock of Charter's business strategy and it's the philosophy that guides our 92,000

employees."

9. The members of the proposed class are likewise current and former employees of Defendants, employed by Defendants within Texas and the United States during the Class Period as non-exempt employees.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

11. Plaintiff worked for Defendants call center in Irving, Texas from May 2014 to January 2017 and was out on disability from September to December 2016. Plaintiff was paid $16.50 an hour and worked Tuesday to Saturday from approximately 10:00 a.m. to 7:00 p.m. Her duties included inputting orders for customers to obtain home phone service.

12. Plaintiff alleges both she and the members of the putative class were denied meal breaks and their time records in Kronos were altered to show they took breaks when in fact they did not. Plaintiff was unable to take her meal breaks approximately 3 out of every 5 shifts due to employer related work deadlines. In addition, Plaintiff alleges both she and the members of the putative class were unable to take rest breaks due to work deadline issues. Accordingly, Plaintiff and the other putative class members were not compensated for their hours worked for meal and rest breaks, which would have equated to overtime since they were already working full-time.

13. Plaintiff worked in the call center where there were approximately 700 to 800 employees in Irving, Texas.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

15. Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**
**All persons who were, are, or will be employed by Defendants as a "Voice Operations Specialist" or likewise job titles in the United States within the applicable limitations period, which is three years preceding the filing of the**

3

**original Petition herein plus such additional time as may be provided pursuant to equitable tolling.**

16. Plaintiff alleges that during the FLSA Class Period, they are and were:
    a. Individuals who resided in the United States of America;
    b. Were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the Petition herein;
    c. Worked more than 40 hours in any given week;
    d. Did not receive all overtime compensation for all hours worked over 40 hours in any given week;
    e. Did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants.
    f. Worked regular hours for which they received no pay whatsoever;,
    g. Are members of the FLSA Collective Class as defined in the preceding paragraph in this Petition; and.
    h. Have signed a consent to sue that shall be filed in this court.

17. All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including, but not limited to, employee time clock reports and payroll records.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

18. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

19. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure Rule 23. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Texas Sub-Class:**

All employees who were or are employed by Defendants during the Class Period in Texas as "non-exempt employees" at any time between the date two years prior to the filing of the initiating complaint in this action through and until the date of judgment in this action. As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt.

(collectively "Putative Class" or "Class Members")

4

20. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

21. Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether Defendants breached its contracts with Plaintiff and members of the proposed class by failing to pay them their agreed upon hourly wage;

    b. Whether Defendants were unjustly enriched; and

    c. Whether Plaintiff and members of the Plaintiff Class sustained damages, and, if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief.

22. The claims of the named Plaintiff are typical of the claims of the members of the putative class. Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

23. Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

24. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is

impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

25. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

    a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants; and

    b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(Against Defendants on behalf of Plaintiff and Proposed Members of the FLSA Class)**

26. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

27. The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. (29 C.F.R. §778.223 and 29 C.F.R. §778.315.) This Court has concurrent

jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

28. Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in a non-exempt hourly position during the period commencing three years prior to the filing of this Petition to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked. To the extent equitable, tolling operates to toll claims by the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

29. Plaintiff alleges both she and the members of the putative class were denied meal breaks and their time records in Kronos were altered to show they took breaks when in fact they did not. Plaintiff was unable to take her meal breaks approximately 3 out of every 5 shifts due to employer related work deadlines. In addition, Plaintiff alleges both she and the members of the putative class were unable to take rest breaks due to work deadline issues. Accordingly, Plaintiff and the other putative class members were not compensated for their hours worked for meal and rest breaks, which would have equated to overtime since they were already working full-time.

30. This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

31. Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

    a. Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

    b. Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

    c. Whether Defendants' policies and practices were to write down the time worked

    by Plaintiff and collective employees;

  d.  Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

  e.  Whether Defendants should be enjoined from continuing the practices which violate the FLSA; and

  f.  Whether Defendants are liable to the collective employees.

32. The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

33. Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

34. Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

35. 29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendants which violated the FLSA was willful.

36. Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

37. Plaintiff and collective employees were all paid by Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked

more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.

38. For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout Texas and the United States in all respects material to the claims asserted in this Petition.

39. Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

40. As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

41. Plaintiff, therefore, demands that she and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which she was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

42. As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Plaintiff Class have suffered damages.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

**(Against Defendants on behalf of Plaintiff**

**and Members of the Texas Class)**

43. During times relevant, Plaintiffs and the members of the Plaintiff Class entered into contracts with Defendants whereby each employee agreed to perform services as part of his/her employment by Defendants and Defendants agreed to compensate him/her for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

44. Defendants breached and violated the Contracts by failing to pay Plaintiffs and the members of the Plaintiff Class for time worked.

45. Prior to Defendants' breach and violation of the Contracts, Plaintiffs and the members of the Plaintiff Class performed his/her duties under the Contracts.

46. As a direct result of Defendants' violations and breaches of the Contracts, as aforesaid, Plaintiffs and the members of the Plaintiff Class have been damaged.

47. Plaintiffs and the members of the Plaintiff Class are entitled to damages equal to all unpaid wages due within two (2) years preceding the filing of this Petition plus periods of equitable tolling which are not recoverable under the FLSA.

48. Plaintiffs and the members of the Plaintiff Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

**(Against Defendants on behalf of Plaintiff and Members of the Texas Class)**

49. Plaintiff plead this cause of action in the alternative and reassert and re-allege the allegations set forth above with the exception of all paragraphs pertaining to breach of contract claims.

50. Plaintiff and the members of the Texas Class conferred benefits on Defendants, and Defendants received such benefits conferred upon them by Plaintiff and the Class.

51. Defendants appreciated the fact of the benefits.

52. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

53. Defendants have thereby been unjustly enriched and/or Plaintiff and the members of the Texas Class have been damaged.

54. Plaintiff and the members of the Texas Class are entitled to damages equal to all unpaid wages due within two (2) years preceding the filing of this Petition plus periods of equitable tolling.

55. Plaintiff and the members of the Texas Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

56.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the putative class, prays for judgment against Defendants as follows:

1. For an order certifying the proposed class;

2. For nominal damages;

3. For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4. For penalties as permitted by the FLSA, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted;

5. For interest as permitted by statute;

6. For costs of suit and expenses incurred herein as permitted by statute;

7. For attorney's fees as permitted by statute; and

8. For all such other and further relief that the Court may deem just and proper.


DATED: June, 25, 2018          **THE SCHLEMMER FIRM, LLC**
New York, New York

By: S/ Paul N. Schlemmer
    Paul N. Schlemmer (PS-4453)

**THE SCHLEMMER FIRM, LLC**
830 Third Avenue, Fifth Floor
New York, NY 10022
Telephone:   (212) 390-8030
Facsimile:    (212) 390-8010
Email: paul@schlemmerfirm.com

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her undersigned counsel, hereby demands a jury trial in the above-captioned matter.

DATED: June 25, 2018  **THE SCHLEMMER FIRM, LLC**
New York, New York

By: <u>S/ Paul N. Schlemmer</u>
    Paul N. Schlemmer (PS-4453)

**THE SCHLEMMER FIRM, LLC**
830 Third Avenue, Fifth Floor
New York, NY 10022
Telephone:  (212) 390-8030
Facsimile:   (212) 390-8010
Email: paul@schlemmerfirm.com